Turley, J.
delivered the opinion of the court
This is an indictment against the defendant for the offence of gaming, to which he filed the following special *678 plea: “The defendant comes in proper person and for plea says, that the State of Tennessee ought not to have and maintain her said action thereof against him, because he says that on the — day of March, 1848, the said Sl.ate of Tennessee recovered judgment against this defendant for fine and cost on a plea of guilty for the same betting, gaming, and playing set forth in said presentment before one Charles McAllister, who was then and there an acting justice of the peace, in and for the said county of Obion, and State of Tennessee; and the defendant avers that the said justice of the peace, who rendered said judgment, was fully authorized and had full power and authority to render said judgment against this defendant, for said offence; and the said defendant avers that the judgment rendered against him, and the fine and cost paid by him, were for the same betting, gambling, and hazarding, for which the defendant is here prosecuted.” To this plea the Attorney General demurred and assigned as a cause therefor, that the plea does not show that the defendant was brought befóte the justice by process.
The demurrer was overruled by the judge of the Circuit Court, and the indictment quashed upon the plea of the defendant, from which there is an appeal, on the part of the State, to this court.
The plea is based upon the act of the Legislature of the State, passed January 11th, 1848, chap. 55, and called an act for the punishment of small offences, which provides in the first section that any person brought before a justice of the peace for a misdemeanor, may plead guilty, whereupon the justice shall hear the evidence and fine the offender according to the- aggravation of his offence, not less than two dollars and not exceeding fifty dollars, together with the cost.” The 5th section provides, that if the offence merit a fine, exceeding fifty dollars, or im *679 prisonment and fine of any amount or imprisonment alone, or if the offence is punishable expressly by both fine and imprisonment, the justice shall not render judgment against the offender, but shall proceed as usual.
This act was passed in order to simplify the mode of proceeding in punishing small offences of no aggravated character and to diminish the expense consequent thereon; but inasmuch as it would be liable to great abuse, if offenders were permitted to present themselves before justices of the peace, and charge themselves with the commission of offences, in order to have a mitigated punishment inflicted upon them therefor; it was deemed proper to provide, that the power of a justice in such cases should only exist when the offender is brought before him by process, in which case the party praying the process would also be before the justice, prepared with proof, to show the nature of the offence; and it is made the duty of the justice to hear the proof, notwithstanding the plea of guilty, in order that he may judge whether the offence deserves a higher punishment than fifty dollars, and if it do, to commit the offender for trial to the Circuit Court. To permit the offender to appear and charge himself before a justice, would make the enquiry an exparte one, and tend to an abuse in the administration of the law, by enabling persons to escape with light punishment for offences deserving a heavier one than a justice can inflict under the statute. This cannot be tolerated. We, therefore, hold that the plea of the defendant to this bill of indictment is bad for want of the averment, that he had been brought before the justice. We also incline, to think that it is bad, because it does not state what amount of fine was assessed against him by the justice; the statute says it shall not be less than two nor more than fifty- *680 dollars. Then if it were under two or over fifty dollars it was illegal, and would constitute no bar to the indictment. Judgment reversed and case remanded.